IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VINCENT A. AMBROSETTI**,<br><br>    Plaintiff,<br><br>v.<br><br>**OREGON CATHOLIC PRESS**, and **BERNADETTE FARRELL**,<br><br>    Defendants. | Case No. 3:21-cv-00211-AR<br><br>**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART JUDGE ARMISTEAD'S FINDINGS AND RECOMMENDATION** |

Donald J. Schmid, Law Offices of Donald J. Schmid LLC, 1251 N. Eddy Street, Suite 200, South Bend, IN 46617. Parna A. Mehrbani and Stephanie J. Grant, Tonkon Torp LLP, 888 SW Fifth Avenue, 16th Floor, Portland, OR 97204. Attorneys for Plaintiff.

Leonard D. DuBoff, The DuBoff Law Group, PC, 6665 SW Hampton Street, Suite 200, Portland, OR 97223. Bert P. Krages II, 6665 SW Hampton Street, Suite 200, Portland, OR 97223. Attorneys for Defendants.

**IMMERGUT, District Judge.**

This copyright case concerns two pieces of Catholic liturgical music: "Emmanuel" written by Plaintiff Vincent Ambrosetti and "Christ Be Our Light" by Defendant Bernadette Farrell. Plaintiff contends that "Christ Be Our Light" infringes his copyright in "Emmanuel," and he has sued both Defendant Farrell and the musical publisher Defendant Oregon Catholic Press. Following discovery, Defendants moved for summary judgment, ECF 101, and Judge Armistead

PAGE 1 – OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE FINDINGS AND RECOMMENDATION

has issued a Findings and Recommendation ("F&R"), ECF 112, recommending that this Court grant Defendants' motion. In his thoughtful opinion, Judge Armistead has concluded that (1) Plaintiff should be barred from using evidence he introduced only five days before the deadline for dispositive motions and from relying on a conduit theory of access never properly raised before summary judgment; (2) Plaintiff has failed to show a genuine issue of fact as to whether Defendants had access to his work; (3) Plaintiff cannot satisfy the extrinsic test for substantial similarity; and (4) in the event this Court disagrees on the merits, Plaintiff should be precluded from seeking attorney's fees and certain damages. *See* F&R, ECF 112 at 17–44.

This Court has reviewed de novo the portions of Judge Armistead's F&R to which Plaintiff objected. This Court ADOPTS Judge Armistead's reasoning and conclusions as to (1), (2), and (4), but REJECTS those as to (3).

Most importantly, this Court agrees with Judge Armistead that Defendants are entitled to summary judgment. To succeed on his claim of copyright infringement, Plaintiff must show either that Defendants had access to "Emmanuel" or that "Emmanuel" and "Christ Be Our Light" are strikingly similar. But as Judge Armistead concluded, Plaintiff has presented no admissible evidence proving Defendants' access to "Emmanuel." And Plaintiff has not shown striking similarity between the two works at issue here. Consequently, because Plaintiff is unable to carry his ultimate burden, Defendants are entitled to judgment as a matter of law.

However, for the reasons below, this Court rejects Judge Armistead's F&R to the extent that it concluded that "Emmanuel" and "Christ Be Our Light" are not substantially similar. The two works do share substantial similarities, though they are not strikingly similar.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court grants summary judgment to Defendants. To succeed on his copyright infringement claim, Plaintiff must show that Defendants had access to his work or that "Emmanuel" and "Christ Be Our Light" are strikingly similar. *See Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). But Plaintiff has not satisfied either burden, for the reasons explained in Judge Armistead's F&R and below, *infra* at 4–5. Defendants are therefore entitled to judgment as a matter of law.

Nonetheless, this Court rejects Judge Armistead's conclusion as to substantial similarity under the extrinsic test. As the Ninth Circuit has explained, "the extrinsic test is satisfied" "[s]o long as the plaintiff can demonstrate, through expert testimony that addresses some or all of [melody, harmony, rhythm, pitch, tempo, phrasing, structure, chord progressions, and lyrics] and supports [defendants'] employment of them, that the similarity was 'substantial' and to

'protected elements' of the copyrighted work." *Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004). "[S]atisfying the extrinsic test . . . makes similarity of the works a triable issue of fact." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) (citations omitted); *see also Metcalf v. Bochco*, 294 F.3d 1069, 1073 (9th Cir. 2002) ("[O]n summary judgment, only the extrinsic test is relevant, because a plaintiff avoids summary judgment by satisfying it." (citation and internal quotation marks omitted)), *abrogated in part by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc).

As Plaintiff's expert observed, when "Emmanuel" and "Christ Be Our Light" are evaluated as independent combinations of elements and viewed in the light most favorable to Plaintiff, there are similarities between the works that do satisfy the extrinsic test. The two works here are both choral liturgical musical compositions that share the same key, meter, verse/refrain form, verses that are exactly sixteen bars in length, melodic phrases in each verse that are exactly four bars each, a total of twenty-six notes in the disputed portions of both pieces, a melody based on the E natural minor scale with no leading tone D-sharp nor a single B major (dominant) chord, consecutive and contiguous melodic development, and several other similarities with regard to shared pitches and scale degrees. F&R, ECF 112 at 10 (summarizing ECF 103-2 ¶ 47). And although, as Judge Armistead correctly recognized, many of these elements individually would not be entitled to copyright protection, *see* F&R, ECF 112 at 41, the Ninth Circuit has cautioned that "[t]o pull [notes and pitches] out of a song individually, without also looking at them in combination, is to perform an incomplete and distorted musicological analysis." *Swirsky*, 376 F.3d at 848. That is, the Ninth Circuit has said, "to disregard chord progression, key, tempo, rhythm, and genre is to ignore the fact that a substantial similarity can be found in a combination of elements, even if those elements are individually unprotected." *Id.* (citations omitted); *see also*

PAGE 4 – OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE FINDINGS AND RECOMMENDATION

*Williams v. Gaye*, 895 F.3d 1106, 1120 (9th Cir. 2018). Considering all of these elements in combination, this Court holds that there is substantial similarity under the extrinsic test.

To be sure, the similarities here are not so "striking" such that they relieve Plaintiff of the burden to prove Defendants' access to his work. *See Baxter*, 812 F.2d at 423. "Striking similarity is a high bar. 'At base, "striking similarity" simply means that, in human experience, it is virtually impossible that the two works could have been independently created.'" *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014) (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.02[B] (2005)); *see also Walker v. Univ. Books, Inc.*, 602 F.2d 859, 864 (9th Cir. 1979) ("As to proof of actual copying, this is often attained by a demonstration of the [substantial similarity] elements in a situation where the similarity between the two works is such that no explanation other than copying is reasonably plausible." (citation omitted)).

Plaintiff cannot satisfy this onerous standard. To start, Plaintiff's work begins a beat before Defendants' does, leading to differences in metrical placements and melodic and lyrical stresses. F&R, ECF 112 at 7, 11–12. Moreover, the works vary rhythmically, *id.* at 7, and it is undisputed that not every note in the two pieces is the same. Further, both Parties agree that portions of "Emmanuel" follow tropes within the genre of liturgical music; for instance, "Emmanuel" begins with a 5-1-2-3 pitch sequence, and the opening to its second phrase is identical to another musical composition in the prior art. *See* ECF 107-1 at 161:1–5; ECF 103-2 ¶ 31 (acknowledging the similarity with the prior art, but insisting that the similarity is immaterial because in Plaintiff's work, "the *second* musical phrase grows out of and develops from the *first* musical phrase"); *cf. also Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th Cir. 1976) ("Evidence of similar musical phrases appearing in prior works . . .

PAGE 5 – OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE FINDINGS AND RECOMMENDATION

demonstrates that the musical language was of such ordinary and common occurrence that the probability of independent, coincidental production was great."). Thus, no reasonable person could say that it is virtually impossible for the two works here to have been independently created.

Ultimately, had Plaintiff been able to demonstrate a disputed issue of fact as to whether Defendants had access to his work, then this case would have presented a triable issue of fact on whether "Emmanuel" and "Christ Be Our Light" are substantially similar under the intrinsic test. But Plaintiff has shown neither access nor striking similarity, and therefore, this Court grants summary judgment to Defendants.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Armistead's F&R to which Plaintiff objected. The F&R, ECF 112, is adopted in part and rejected in part. This Court GRANTS Defendants' Motion for Summary Judgment, ECF 101, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge