UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VINCENT A. AMBROSETTI,

Plaintiff,

v.

OREGON CATHOLIC PRESS and BERNADETTE FARRELL,

Defendants.

Case No. 3:21-cv-00211-AR

FINDINGS AND RECOMMENDATION DEFERRING RULING ON ATTORNEY FEES AND COSTS

---

**ARMISTEAD, Magistrate Judge**

Plaintiff Vincent A. Ambrosetti brings this copyright infringement action against defendants Oregon Catholic Press and Bernadette Farrell, contending that Farrell's 1993 Catholic liturgical song "Christ Be Our Light" infringes Ambrosetti's song "Emmanuel." On January 25, 2024, the court issued a Findings and Recommendation that recommended defendants' Motion for Summary Judgment be granted. (F&R, ECF No. 112). District Judge Karin J. Immergut adopted most of this court's reasoning but disagreed that the songs are not substantially similar. Judge Immergut concluded that the songs share substantial similarities, yet determined that they

are not strikingly similar, and on that basis, granted defendants' motion, and entered judgment in defendants' favor. Defendants filed a motion for attorney fees and bill of costs. (Pl.'s Mot. for Atty. Fees, ECF No. 121.); (Bill of Costs, ECF No. 122.) Ambrosetti then appealed to the Ninth Circuit and filed a motion to defer ruling on attorney fees until the appeal is completed. (Notice of Appeal, ECF No. 126.); (Motion to Defer Ruling on Atty. Fees, ECF No. 129.)

As explained below, the court recommends that Ambrosetti's motion to defer ruling on attorney fees be GRANTED, and defendants' motion for attorney fees and cost bill be STAYED and HELD IN ABEYANCE with permission to refile as provided under Federal Rule of Civil Procedure 54(d)(2)(B), pending resolution of the appeal.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Rule 54(d)(1) creates a presumption that costs should be awarded to the prevailing party. A district court need not give affirmative reasons for awarding costs; instead, it need only provide reasons when costs are denied. *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Advisory Committee Note to Rule 54(d). Courts in this district have applied the Note to requests to stay

costs pending appeal. *See, e.g.*, *Tranxition, Inc. v. Novell, Inc.*, Case No. 3:12-cv-01404-HZ, 2015 WL 7195337, at *1 (D. Or. Nov. 16, 2015).

When assessing whether a stay of attorney fees and costs should be granted, the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Duncan v. Bonta*, 83 F.4th 803, 805 (9th Cir. 2023); *Tranxition*, 2015 WL 7195337, at *1. "An applicant for a stay need not demonstrate that it is more likely than not they will win on the merits, but rather must show a reasonable probability or fair prospect of success." *Fed. Trade. Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (simplified).

Considering factor one, it weighs against a stay. In his motion to defer a ruling on attorney fees, Ambrosetti has not endeavored to make a strong showing that he is likely to succeed on the merits. He argues in his response to the attorney fee petition that the court erred when it excluded evidence relating to a conduit theory of access, a determination confirmed by Judge Immergut. (F&R, at 18-22, ECF No. 112.); (O&O at 2, ECF No. 119.) Although Judge Immergut disagreed with this court's determination that "Emmanuel" and "Christ Be Our Light" are not substantially similar, she nevertheless concluded that his copyright infringement claim failed because the songs were not strikingly similar. (O&O at 5-6.)

Turning to factors two and three, Ambrosetti argues that awarding fees now "would be financially ruinous" for him and his family. He attests that he is retired, his wife works parttime,

and that he three sons less than eight years old. (Ambrosetti Decl. ¶ 3, ECF No. 128.) The requested attorney fees here exceed $465,000, and the cost bill is another $985. Defendants contend that resolving the issue of fees now would be beneficial for all parties because the underlying merits issues and fee issues could be consolidated on appeal. The court finds that factor two heavily favors a stay because the requested award is substantial and would be burdensome for Ambrosetti. Factor three, however, favors resolving the fee request now. The court presumes that any decision it makes concerning attorney fees will be appealed, and that consolidating the court's ruling on fees with the underlying merits may save time in the future.

Factor four, the public interest, weighs heavily in favor of a stay. As noted, the amount of fees at issue is substantial and making a ruling will require the court to resolve whether fees incurred in related litigation should be awarded as part of this lawsuit, and whether the parties' 2017 settlement agreement should inform that decision. Deciding the amount of fees also will require this court to painstakingly review 175 pages of attorney timesheets spanning five years. (DuBoff Decl., ECF No. 121-1.) That task has been made more challenging by Ambrosetti's failure to object to specific time entries; he contends – in conclusory fashion – that the fees are excessive and are confusing.[1] (Pl.'s Opp'n to Motion for Atty. Fees at 19, ECF No. 128.) Furthermore, because this court lacks full consent, Judge Immergut also will be required to

---

[1] The court has an independent duty to review the petition for reasonableness. *See* "Message From the Court Regarding Fee Petitions," which can be found on the District of Oregon website. https://ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices. Ambrosetti's conclusory objections to the fee petition are insufficient. Ambrosetti's counsel has been admitted *pro hac vice*. The court encourages Mr. Schmid to meaningfully engage with local counsel in formulating a response should defendants renew their request for attorney fees after resolution of the appeal.

expend precious judicial resources responding to likely objections filed by the parties and conducting her own review of this recommendation. And the Ninth Circuit's disposition of the issues on appeal carries significant potential of affecting the court's consideration of attorney fees. Ruling on the motion for attorney fees now has the potential to waste judicial resources of two federal judges. *Jones v. County of Tulare, Cal.*, Case No. 1:17-cv-1260-SKO, 2024 WL 3673150, at *2 (E.D. Cal. Aug. 5, 2024) (deferring ruling on costs and attorney fees until appeal is resolved in interest of judicial economy); *G.P.P., Inc. v. Guardian Protection Prods.*, Case No. 1:15-cv-00321-SKO, 2018 WL 932087, at *2-3 (E.D. Cal. Feb. 16, 2018) (staying order on attorney fees pending appeal to preserve judicial resources); *In re Farmers Ins. Exchange Claims Rep. Overtime Pay Litig.*, MDL No. 33-1439(A), 2009 WL 3834034, at *3 (D. Or. Nov. 13, 2009) (finding judicial efficiency warranted deferring ruling on statutory attorney fees plaintiff's cost bill until appeal resolved).

On balance, with two factors weighing against a stay, and two factors weighing heavily in favor of stay, the finds that resolving defendants' motion for attorney fees and cost bill are best adjudicated after the Ninth Circuit resolves Ambrosetti's appeal. Accordingly, Ambrosetti's motion to defer ruling on attorney fees should be GRANTED.

**CONCLUSION**

For the above reasons, Ambrosetti's Motion to Defer Ruling on Defendant's Motion for Attorney Fees During Appeal (ECF No. 129) should be GRANTED. Defendants' Bill of Costs (ECF No. 122) and Motion for Attorney Fees (ECF No. 121) should be STAYED and HELD IN ABEYANCE pending resolution of the appeal currently pending in the Ninth Circuit; the Bill of Costs and Motion for Attorney Fees should be administratively TERMINATED, but may be

reactivated at defendants' request to lift the stay following resolution of the appeal. Defendants should file any such request within 14 days after the Ninth Circuit issues a mandate.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to District Judge Karin J. Immergut. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: November 7, 2024.

JEFF ARMISTEAD
United States Magistrate Judge