Donald J. Schmid, *admitted pro hac vice*
schmid@donaldschmidlaw.com
Law Offices of Donald J. Schmid LLC
1251 N. Eddy Street, Suite 200
South Bend, Indiana 46617
Telephone: (574) 993-2280

Parna A. Mehrbani, OSB No. 053235
Email: parna.mehrbani@tonkon.com
Direct Dial: 503-802-2170
Stephanie J. Grant, OSB No. 154957
Email: stephanie.grant@tonkon.com
Tonkon Torp LLP
888 SW Fifth Avenue, 16th Floor
Portland, OR 97204

> *Attorneys for Plaintiff*
> *Vincent A. Ambrosetti*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| VINCENT A. AMBROSETTI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OREGON CATHOLIC PRESS AND BERNADETTE FARRELL,<br><br>　　　　　Defendants. | Case No.: 3:21-cv-00211-IM<br><br><br>PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS |

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR
FOUR TRIAL EXHIBITS- 1

COMES NOW Plaintiff Vincent A. Ambrosetti, by undersigned counsel, to move this Court for an order lifting the inappropriate "attorneys eyes only" designations for four trial exhibits.

*The parties conferred regarding this motion on February 24, 2026 but were not able to reach a resolution to avoid the need for the motion.*

## Introduction

Plaintiff seeks disgorgement of defendants' profits as one of its remedies in this case. Early on in discovery in this case, plaintiff served requests for documents/records on defendants showing the revenues and profits earned by defendants from their distribution and publication of the alleged infringing work, "Christ Be Our Light." Defendants long delayed the production of these records to the plaintiff. After the period for written discovery had passed, defendants finally produced certain of these records. Plaintiff and defendants have designated these records as trial exhibits.

Plaintiff's trial exhibit 27 Spreadsheet (OCP 025897-025939) was not produced to plaintiff's counsel until January 19, 2022 (in PDF format) and until January 20, 2022 (in Excel version). Fact and expert discovery had closed on

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 2

December 6, 2021 and the deadline for depositions was January 20, 2022.  Similarly, plaintiff's trial exhibit 28 Spreadsheet (OCP 070182-071338) was not produced until April 7, 2022, after the close of discovery.  (Id.)  Exhibits 27 and 28 were designated at the time of their production by defendants' counsel as "attorneys' eyes only" pursuant to the Stipulated Protective Order (ECF 52).

More recently, trial exhibit 37 (also designated exh. 275) – which was requested repeatedly by counsel for plaintiff in writing since November 19, 2025 – was not turned over by defendant OCP to plaintiff's counsel until February 4, 2026. Exhibit 255 was not turned over to the Plaintiff until February 3, 2026.  Both of the spreadsheets that comprise defendants' proposed trial exhibits 255 and 275 (which will also be Plaintiff Exhibit 37) were not designated at all, either as "confidential" or "attorneys eyes only."

Collectively, these exhibits 27, 28, 255, and 275 (the latter two will also be Exhibit 37) show the distribution and publication of "Christ" from 2017 through the end of 2025.  These exhibits show the revenues earned by the defendants during these years from the distribution, publication, and licensing of the alleged infringing work "Christ."

On February 24, 2026, counsel for plaintiff wanted Mr. Ambrosetti to examine all of these proposed trial exhibits in order to prepare for trial.  But

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 3

counsel realized that proposed exhibits 27 and 28 had been designated "attorneys eyes only" and under the terms of the Protective Order could not be examined by Mr. Ambrosetti under this unilateral designation by defendants.  Counsel for Plaintiff wrote to counsel for defendants on February 24, 2026 asking that "attorney eyes only" designation be lifted for Exhibits 27 and 28 – arguing that these two exhibits produced in 2022 after discovery had closed were similar in kind to the more recently produced exhibits nos. 255 and 275 produced on February 3 and 4, 2026 which carried no protective order designations at all.

Counsel for defendants wrote back not only refusing to lift the AEO designation for exhibits 27 and 28 but now adding after the fact an AEO designation for exhibits 255 and 275 (which had not carried such designations when produced earlier this month).  When counsel asked more than once what was the justification for labelling these exhibits AEO, counsel for defendants responded: "these documents contain competitively sensitive financial information, including royalty rates, revenues, and other financial information about sales of OCP's products."  (Means' email, dated February 24, 2026.)  This was the only justification and explanation given.

As shown below, none of these documents should carry an AEO designation. They are routine licensing and royalty records for a single title ("Christ") in the

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 4

large OCP song catalogue.   There is in fact no real sensitive competitive

information in these records.  And it is crucial that Mr. Ambrosetti be able to

examine these records in advance of trial, to help counsel prepare for trial, and also

to testify in all likelihood concerning these records at trial as part of plaintiff's proof

of the 2017 through 2025 infringement through the distribution and licensing sales

for "Christ" and as proof of the defendants' substantial revenues and profits during

this period from the distribution of "Christ."

### Argument

Federal courts have consistently rejected requests to designate business

records or other records as "attorneys' eyes only" (AEO) under a protective order

when the requesting party fails to demonstrate good cause and compelling reasons

for such a designation.  "An 'Attorneys Eyes Only' provision is 'a drastic remedy

given its impact on the party entitled to the information.'"  *Wanke Cascade*

*Distribution v. Forbo Flooring, Inc.*, No. 3:13-cv-768-AC, 2014 U.S. Dist. LEXIS

51187, at *34 (D. Or. Apr. 11, 2014) (quoting *Ragland*, 2013 U.S. Dist. LEXIS 99369,

2013 WL 3776495 at *1).  See also *Gillespie v. Charter Communs.*, 133 F. Supp. 3d

1195, 1201-02 (E.D. Mo. 2015) ("Requiring an 'attorneys' eyes only' designation is a

drastic remedy given its impact on the party entitled to the information, in that it

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR
FOUR TRIAL EXHIBITS- 5

prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case").

In order to justify an AEO designation and restriction, the requesting party must show concretely that unrestricted disclosure would create a substantial risk of serious injury. *Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11-cv-00249-BLW, 2012 U.S. Dist. LEXIS 143633, at *12-13 (D. Idaho Oct. 2, 2012). "It does not apply when there is *any* risk or *any* injury — the risk must be *substantial* and the injury must be *serious*." *Id.* (emphasis in original). "This standard is high." *Id.*

Broad or general allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient. *Beckham Indus, v. International Inc. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "A party seeking a protective order must describe the alleged harm 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Dorchen/Martin Assoc. v. Brook of Cheboygan*, No. 11-10561, 2012 U.S. Dist. LEXIS 73791, at *2 (E.D. Mich. May 29, 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). It is not enough to assert or show that the party receiving the records is competitor of the producing party. *Reynoso v. Mueller*, No. 21-12556, 2024 U.S. Dist. LEXIS 196695, at *7 (E.D. Mich. Feb. 13, 2024). This kind of conclusory assertion of potential harm is insufficient. *Id*. at 6-7. *See also Guild*

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 6

*Assocs. Inc. v. Bio-Energy (Washington) LLC*, 2015 U.S. Dist. LEXIS 55467, 2015 WL 1926422, at *3 (S.D. Ohio Apr. 28, 2015) ("Mr. Hartman provides no detailed examples of what specific information would lead to an unearned advantage or the potential extent of any such advantage").

In this case, the defendants have not articulated much less demonstrated concretely how allowing Mr. Ambrosetti to view these trial exhibits would result in substantial *and* serious harm to OCP. For one, these records pertain to only a single title in OCP's large catalogue (numbering more than 2,000 titles). Portions of these records are now years old. Exhibits 27 and 28 pertain only to revenues and sales from 2017 to 2021. Those records are now more than five years old.

Additionally, even with respect to the revenue and sales records containing information through the end of 2025, the defendants did not think to designate them as AEO until counsel for plaintiff asked for the AEO designation to be lifted on exhibits 27 and 28 today. If they contained such sensitive information, why didn't defendants – represented by a large team of very sophisticated lawyers – designate them as AEO or even as "confidential" when they were finally produced to plaintiff on February 3 and 4, 2026? The answer is because the records do not really provide any earth-shattering information about OCP or its business. Royalty

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 7

rates are largely standard in the sacred music publishing business.  There is nothing truly sensitive in these ordinary business records.

Courts including in the Ninth Circuit have routinely denied the drastic AEO designation when there has been a failure to submit "evidence of 'particularized harm' and a clearly defined and serious injury establishing 'good cause' for the inclusion of an extraordinary 'Attorneys Eyes Only' designation."  *Wanke Cascade Distribution v. Forbo Flooring, Inc.*, No. 3:13-cv-768-AC, 2014 U.S. Dist. LEXIS 51187, at *33 (D. Or. Apr. 11, 2014) ("Given the substantial risk of prejudice to the Defendant, Plaintiff  has failed to established facts sufficient to impose such a drastic remedy of an 'Attorneys Eyes Only" provision in this case").  See also *Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11-cv-00249-BLW, 2012 U.S. Dist. LEXIS 143633, at *12-13 (D. Idaho Oct. 2, 2012) ("The Court has reviewed all forty-three documents. None of them meet the high standard for designating them AEO"); Doc's Dream, LLC v. Dolores Press, No. CV 15-2857-R (PLAx), 2018 U.S. Dist. LEXIS 243660, at *16 (C.D. Cal. Feb. 14, 2018) ("defendants have not met their burden of showing that the production of the requested files should be made subject to an attorneys' eyes only designation"); Reynoso v. Mueller, No. 21-12556, 2024 U.S. Dist. LEXIS 196695, at *6-7 (E.D. Mich. Feb. 13, 2024) ("The Court reviewed the financial documents and finds nothing in them that creates an obvious harm to

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 8

GPSI"); *Dorchen/Martin Assoc. v. Brook of Cheboygan*, No. 11-10561, 2012 U.S. Dist. LEXIS 73791, at *3-4 (E.D. Mich. May 29, 2012); *Gillespie v. Charter Communs.*, 133 F. Supp. 3d 1195, 1201-02 (E.D. Mo. 2015). Here, defendants have not and cannot meet the high standard of substantial and serious injury if the AEO designation is removed.

On the flip side, it is important for Mr. Ambrosetti to be able to review these revenue/profit records and to be able to review these records with plaintiff's counsel in order to be prepared at trial with respect to these important exhibits, showing both pre- and post-registration infringement as well as the significant revenues and profits that each of the defendants earned from the infringing distribution of "Christ." These are important documents in the trial. Plaintiff should be able to view them and work with counsel on them.

## Conclusion

The defendants have not and really cannot meet the high standard to justify the designation of the trial exhibits as AEO and thereby keep these relevant and important trial exhibits from Mr. Ambrosetti himself and to prevent plaintiff's counsel from working on these exhibits with Mr. Ambrosetti in preparation for the trial. The Court should order the AEO designation on these documents lifted.

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR FOUR TRIAL EXHIBITS- 9

Dated: February 23, 2026

Respectfully submitted,

Law Offices Of Donald J. Schmid LLC

/s/  *Donald J. Schmid*
Donald J. Schmid

1251 N. Eddy St., Ste200
South Bend, Indiana 46617
E-mail: schmid@donaldschmidlaw.com
Phone: (574) 993-2280

Parna A. Mehrbani, OSB No. 053235
Email: parna.mehrbani@tonkon.com
Direct Dial: 503-802-2170
Stephanie J. Grant, OSB No. 154957
Email: stephanie.grant@tonkon.com
Tonkon Torp LLP
888 SW Fifth Avenue, 16th Floor
Portland, OR 97204

*Attorneys for Plaintiff Vincent A. Ambrosetti*

PLAINTIFF'S MOTION TO LIFT ATTORNEYS EYES ONLY DESIGNATION FOR
FOUR TRIAL EXHIBITS- 10